UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUSAN HYMAN, CHRISTINE L. BONARDI, and BARRY N. SUGAR, individually, and on behalf of all others similarly situated**<br><br>    Plaintiffs,<br><br>v.<br><br>**WM FINANCIAL SERVICES, INC., JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),**<br><br>    **Defendants.** | 06-CV-4038 (WJM)<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Kenneth Kaufman Lehn
Winne, Banta, Hetherington, Basralian & Kahn, P.C.
Court Plaza South-East Wing
25 Main Street
P.O. Box 647
Hackensack, NJ 07601

    (*Attorney for Plaintiffs*)


Eric A. Savage
Littler Mendelson, PC
One Newark Center
Eighth Floor
Newark, NJ 07102-5311

    (*Attorney for Defendants*)

**MARTINI, U.S.D.J.:**

      This matter comes before the Court on Defendants' motion to dismiss or, in the

alternative, to strike counts two through seven of Plaintiffs' Class Action Complaint.  There was

no oral argument. Fed. R. Civ. P. 78. For the following reasons, Defendants' motion to dismiss is **GRANTED**. Accordingly, counts two through seven are **DISMISSED**.

## BACKGROUND

Plaintiffs Susan Hyman, Christine L. Bonardi, and Barry N. Sugar were formerly employed by WM Financial Services, Inc. ("WM") as "securities brokers-insider sales persons" or "financial advisors" in New Jersey. (Class Action Complaint [hereinafter "Compl."] ¶¶ 8-10.) They seek to bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). In both actions, Plaintiffs seek to represent securities brokers and financial advisor trainees who WM employed on a commission basis.[1] The gravamen of their complaint is that WM failed to compensate them and the class for overtime hours worked as required by law, improperly charged them for certain expenses, and committed other violations of New Jersey state law.

Plaintiffs' complaint contains seven counts. Count one attempts to allege a claim under the overtime provision of the FLSA, 29 U.S.C. § 207. The remaining counts all attempt to allege state law Rule 23 class action claims. Specifically, counts two through four seek to assert class action claims under the New Jersey State Wage and Hour Law, N.J. Stat. §§ 34:11-56a to 11-56a38. Counts five and six purport to assert class action claims under the New Jersey Wage Payment Law, N.J. Stat. §§ 34:11-4.3, 34:11-4.6. Finally, count seven seeks damages for breach of contract.

---

[1] Plaintiffs also name as defendants various "John Does" and "ABC Corporations." For purposes of simplicity, we shall refer to all defendants collectively as "WM."

WM now moves to dismiss or, in the alternative, to strike Plaintiffs' Rule 23 class action claims (i.e., counts two through seven). WM does so on various grounds. The main ground, though, rests on the incompatibility between Plaintiffs' FLSA and Rule 23 class action claims. Plaintiffs' oppose WM's motion.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Warth v. Seldin*, 422 U.S. 490, 501 (1975). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," the Court may dismiss the complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter," upon motion of a party. Fed. R. Civ. P. 12(f). To prevail on a motion to strike, the moving party must demonstrate that the challenged allegations "have no possible relation to the controversy and may cause prejudice to one of the parties, or . . . the allegations confuse the issues." *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993).

## DISCUSSION

Congress enacted the FLSA in 1938 to govern wage and hour practices throughout the country. Specifically, the FLSA establishes a minimum hourly wage. 29 U.S.C. § 206. In

addition, the FLSA's overtime provision requires employers to pay one and one-half times an employee's regular hourly rate of pay for work performed in excess of forty hours per week.  29 U.S.C. § 207.  Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

When first enacted, the FLSA produced a tremendous amount of litigation.  In response, Congress passed the Portal-to-Portal Act in 1947.  Under this Act, Congress prevented plaintiffs from bringing class actions under the FLSA.  Now, plaintiffs are only allowed to bring "collective actions" under the Act.  In a collective action, a plaintiff only becomes a member of the action if he affirmatively "opts-in" to the action.  *See* 29 U.S.C. § 216(b).  This is in stark contrast to the traditional Rule 23 class action, which operates as an "opt-out" scheme.  Under Rule 23, putative class members are automatically included in the class action unless they expressly state otherwise.  *See* Fed. R. Civ. P. 23(c)(2)(B).

The purpose of amending the FLSA is clear.  Congress added the opt-in requirement to "limit[ ] private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (citing Portal-to-Portal Act of 1947, ch. 52, §§ 5(a), 6, 7, 61 Stat. 87-88). This was meant to curb the "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome" of FLSA suits. *Id*; *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (noting that in enacting the Portal-to-Portal Act, "Congress attempted to strike a balance to maintain employees' rights but to curb the number of lawsuits.").  The Third Circuit

described this amendment as a "crucial policy decision." *De Asencio*, 342 F.3d at 310.

In the present case, Plaintiffs are attempting to bring a FLSA collective action and a Rule 23 class action. WM objects to this tactic. They argue that it violates Congress's intent to limit FLSA plaintiffs to the opt-in requirement. According to WM, Plaintiffs are attempting an end-run around the FLSA's opt-in requirement by forcing it to litigate overtime claims brought by plaintiffs who, essentially, have no personal outcome in the lawsuit. This result, WM contends, contravenes Congress's express intent in amending the FLSA.

A recent line of cases from our District agree. In *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511 (D.N.J. Jan. 5, 2006), *Herring v. Hewitt Assoc., Inc.*, 2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006), and *Himmelman v. Continental Cas. Co.*, 2006 U.S. Dist. LEXIS 56187 (D.N.J. Aug. 11, 2006), the plaintiffs attempted to bring a FLSA collective action and a Rule 23 class actions under the New Jersey State Wage and Hour Law. In all three cases, the Court dismissed the plaintiffs' Rule 23 class action claim as inherently incompatible with their FLSA collective action claim. *Moeck*, 2006 U.S. Dist. LEXIS 511, at *15-16; *Herring*, 2006 U.S. Dist. LEXIS 56189, at *5; *Himmelman*, 2006 U.S. Dist. LEXIS 56187, at *5. For instance, in *Moeck*, the Court remarked that "[a]llowing [plaintiffs] to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." *Id.* at *15-16 (citation omitted). Therefore, these decisions hold that FLSA collective actions and state law overtime actions under Rule 23 may not be maintained together.

In *De Asencio*, though, the Third Circuit analyzed the joinder of a state law Rule 23 overtime class action claim with a FLSA collective action claim under the rubric of supplemental

jurisdiction. The Third Circuit held that the district court abused its discretion by exercising supplemental jurisdiction over the class action overtime claim, which was premised on the Pennsylvania Wage Payment & Collection Law. *De Asencio*, 342 F.3d at 312. Specifically, the Third Circuit found that the state law class action claim "substantially predominated" the FLSA claim. *Id.* at 311-12. In reaching this conclusion, the Third Circuit relied on four findings. First, the court found that the number of plaintiffs in the state law class action was far greater than the number of plaintiffs in the FLSA action. *Id.* at 310-11. Second, an analysis of the class action claim would involve the resolution of complex questions of state law. *Id.* at 311. Third, "the general federal interest in opt-in wage actions" militated against exercising jurisdiction over the class action claim. *Id.* at 312. Finally, under the factual circumstances of the litigation, it appeared that certification of the state law class action was a mere "second line of attack when the FLSA opt-in period yielded a smaller than desired federal class." *Id.* Based on these findings, the Third Circuit reversed the district court's decision to exercise supplemental jurisdiction over the state law overtime class action claim.

   Keeping in line with *De Asencio*, this Court shall analyze whether supplemental jurisdiction exists over some or all of Plaintiffs' state law claims. Here, the Court finds that it lacks supplemental jurisdiction over counts three through seven of Plaintiffs' complaint. It is well-settled that "three requirements must be satisfied before a federal court may exercise supplemental jurisdiction." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995). First, "'[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Second, "the state and federal claims must derive from a common nucleus of

operative facts." *Id.*  Third, "the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding." *Id.*

Here, the first factor is satisfied.  Plaintiffs' FLSA claim in count one is sufficient to confer federal question jurisdiction on the court.  The second factor, though, is not satisfied.  Specifically, count one and counts three through seven do not derive from a common nucleus of operative facts.  While count one merely seeks overtime due for worked performed in excess of 40 hours per week, counts three through seven seek to assert very different claims.  For instance, count three seeks damages for "impermissible deductions from employee wages" in violation of N.J. Stat. § 34:11-4.4.  (Compl. ¶¶ 50-55.)  This concerns whether WM deducted pay from Plaintiffs to pay other employees' wages and overhead expenses.  (Compl. ¶¶ 2, 4(b), 22.)  It does not concern the mere failure to pay overtime.  Likewise, count four, which claims that WM "wrongfully charged back both commissions and the actual value of stock losses allegedly caused by a Securities Broker through simple negligence or no fault of the Securities Broker," is factually distinct from count one.  (Compl. ¶ 57.)  This count focuses on whether WM underpaid Plaintiffs by holding back commissions to pay others.  (Compl. ¶ 64.)  Again, it alleges facts completely different from the federal claim in count one.

Similarly, counts five through seven diverge factually from Plaintiffs' FLSA claim.  Count five asserts that Plaintiffs violated N.J. Stat. § 34:11-4.3 by failing to pay "all wages due not later than the regular payday for the pay period during which the employee's termination ... took place." (Compl. ¶ 63.)  Essentially, this count claims that WM failed to pay Plaintiffs in a timely manner after their termination.  Again, it is factually distinct from Plaintiffs' overtime claim in count one.  Furthermore, count six seeks damages under N.J. Stat. 34:11-4.6 for WM's

failure to "keep and maintain records setting forth accurately the total hours worked" by Plaintiffs. (Compl. ¶ 67.) This claim will require the Court to delve into a review of the documents maintained by WM and determine whether they satisfy New Jersey's statutory requirements, which is quite different from Plaintiffs' overtime allegations in count one. Finally, count seven requests damages for breach of contract. In this count, Plaintiffs fail to allege that any express contract exists between Plaintiffs and WM. (Compl. ¶¶ 69-73.) Therefore, the Court will have to undertake an assessment of offer, acceptance, performance, and breach with respect to the class members.[2] No such analysis is required in count one.

In this case, the only link between count one and counts three through seven is the general employer-employee relationship between Plaintiffs and WM. This is insufficient to confer supplemental jurisdiction. *See Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995) (rejecting the notion that the employment relationship alone provides a factual nexus sufficient to confer supplemental jurisdiction). For instance, in *Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836 (4th Cir. 1974), which the Third Circuit relied upon in *Lyon*, the court held that it could not entertain a state law claim for failure to make payments from a profit-sharing plan despite the factual link to a federal claim under the Welfare and Pension Plans Disclosure Act, 29 U.S.C. § 301 *et seq.* (repealed), charging that a plan administrator failed to provide statutorily required information.

---

[2] Plaintiffs allege in their opposition brief that count seven alleges the existence of both an express and an implied contract. (Pls.' Br. at 10.) However, the complaint does not allege the existence of any express contract. Furthermore, Plaintiffs' contention here cannot be reconciled with two particular statements in their brief. In their discussion of count seven, Plaintiffs state that "[the] terms of the employment agreements between the Plaintiffs and Defendant are currently unknown and must be fleshed out in discovery." (Pls.' Br. at 22.) In addition, they state that "[u]ntil discovery is completed, it is impossible to determine what sort of obligations Defendant owed to the Plaintiffs under their employment contracts." (*Id.*) These statements suggest that Plaintiffs do not allege that they worked under express contracts with WM.

The Fourth Circuit found that:

> [T]he record establishes beyond doubt that the [two counts] do not grow out of a "common nucleus of operative facts" [citing *Gibbs*].... While plaintiffs may have sought [the federally mandated] information in order to consider and/or assert their state law claims, their causes of action under both Counts I and II are separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count.

*Id.* at 847-48.  Relying upon this decision, the *Lyon* court denied supplemental jurisdiction over two state law claims premised on breach of contract and tort that were brought together with a single FLSA overtime claim.  The *Lyon* court noted that:

> Lyon's FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks.  The facts relevant to her state law contract and tort claims, which involved ... the underpayment of a bonus and its refusal to pay the bonus if Lyon started looking for another job, were quite distinct.  In these circumstances it is clear that there is little overlap between the evidence relevant to the FLSA and state claims, that there is no "common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims.... Thus, Article III bars federal jurisdiction.

*Lyon*, 45 F.3d at 763.  The instant case is similar.  Here, Plaintiffs are attempting to string together five unrelated state law claims to an FLSA overtime action.  These five state law claims involve factual determinations that overlap little with their FLSA claim.  Furthermore, as noted by the *Lyon* court, exercising supplemental jurisdiction over these claims would likely contravene Congress's intent in passing the FLSA.  *Id.* at 764 ("[W]e find no indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships.").  Therefore, the Court shall deny supplemental jurisdiction over counts three through seven for

failing to arise out of the same "common nucleus of operative facts."[3]

Moreover, these claims substantially predominate Plaintiffs' FLSA claim. Section 1367(c)(2) allows the Court to decline supplemental jurisdiction where a claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." Under this statute, "[w]here 'the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.'" *De Asencio*, 342 F.3d at 312 (quoting *Gibbs*, 383 U.S. at 726)). When applying § 1367(c), the Third Circuit advises that, "[g]enerally, a district court will find substantial predomination 'where 'a state claim constitutes the real body of a case, to which the federal claim is only an appendage' – only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" *Id.* at 309 (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995) (quoting *Gibbs*, 383 U.S. at 727)). "Predomination under section 1367 generally goes to the type of the claim" and "is necessarily a case-specific analysis." *Id.* at 309-12.

In the present case, Plaintiffs' state law claims in counts three through seven predominate over their lone federal claim. As discussed above, resolving these claims would require the Court to engage in a journey of law and fact far afield from the issue raised in their FLSA action. *See Borough of W. Mifflin*, 45 F.3d at 789 (noting that where "there is a substantial quantity of evidence supporting [plaintiffs'] state law claims that would not be relevant to the federal claims

---

[3]The Court is within its authority to exercise supplemental jurisdiction over some, but not all, of Plaintiffs' state law claims. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 182 n.10 (3d Cir. 1999).

... the state issues would appear to 'substantially predominate ... in terms of proof.'" (quoting *Gibbs*, 383 U.S. at 726)). Clearly, under these circumstances, allowing Plaintiffs to proceed in that manner would cause "the federal tail to wag what is in substance a state dog." *De Asencio*, 342 F.3d at 309.[4] Therefore, the Court shall dismiss counts three through seven for lack of supplemental jurisdiction.

This leaves count two. In count two, Plaintiffs attempt to assert a Rule 23 class action claim under the New Jersey Wage and Hour Law, N.J. Stat. § 34:11-56a4, for failure to pay overtime for work performed in excess of forty hours per week. This count essentially mimics count one. The only real difference is that count two relies on the opt-out class action device, while count one is brought as an opt-in collective action. As discussed earlier, Congress created the opt-in scheme under the FLSA to ensure that only those plaintiffs with a truly vested interest in the outcome of an overtime suit actually proceed with the action. By advancing count two, Plaintiffs are essentially circumventing the FLSA's opt-in requirement. They are forcing WM to defend an overtime action brought in federal court by plaintiffs who may have no real interest in the outcome of the suit. Allowing Plaintiffs to engage in this tactic would defeat Congress's intent in drafting the FLSA's opt-in requirement. *Moeck*, 2006 U.S. Dist. LEXIS 511, at *15-16; *Herring*, 2006 U.S. Dist. LEXIS 56189, at *5; *Himmelman*, 2006 U.S. Dist. LEXIS 56187, at *5.

---

[4]Plaintiffs also allege that jurisdiction over the state law claims exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Compl. ¶ 6.) To have jurisdiction under the CAFA, Plaintiffs must meet minimal diversity requirements and allege damages which exceed $5,000,000. 28 U.S.C. § 1332(d)(2). Plaintiffs, though, have not alleged damages of any particular amount in their complaint. Therefore, they have failed to meet the pleading standards under the CAFA. *See Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004) ("Where a federal cause of action is based on diversity jurisdiction, the complaint must allege an amount in controversy between the parties in excess of the statutory minimum.").

As such, the Court feels that it is appropriate to decline the exercise of supplemental jurisdiction over count two under 28 U.S.C. § 1367(c)(4) (allowing a district court to decline the exercise supplemental jurisdiction "over a claim ... if ... in exceptional circumstances, there are other compelling reasons for declining jurisdiction."). Accordingly, count two is dismissed.[5]

## CONCLUSION

For the foregoing reasons, WM's motion to dismiss counts two through seven is **GRANTED**. Accordingly, those counts are **DISMISSED**. An appropriate Order accompanies this Opinion.

**Dated:** June 7, 2007

s/William J. Martini

**William J. Martini, U.S.D.J.**

---

[5] Since the Court will dismiss Plaintiffs' Rule 23 class action claims, it need not reach WM's other grounds for dismissal.